UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:16-cv-00124-JRS-MJD |
| | ) |
| DAVID GRAY, | ) |
| | ) |
| Defendant. | ) |

**Findings of Fact and Conclusions of Law**

Jane Doe[1] alleged that David Gray confined and sexually assaulted her while she volunteered at the park where he worked. She alleged that Gray took her to the park's restroom area and told her that the facility needed cleaning. After locking the door behind them, he allegedly forced Doe to perform oral sex and digitally penetrated her vagina. Gray was charged with rape, criminal confinement, and official misconduct. He pleaded guilty to, and was convicted of, the latter two offenses.

Doe sued Gray and Vigo County, Indiana, for damages under 42 U.S.C. § 1983 and state law. She claimed that Gray violated her rights under the Fourth and Eighth Amendments to the Constitution, applicable to the states through the Fourteenth Amendment, and committed against her a number of torts under Indiana law. Gray failed to appear, and, on June 20, 2016, the Clerk entered default against him. *See* Fed. R. Civ. P. 55(a). Because of the entry of default against Gray, the well-pleaded

---

[1] Jane Doe is a pseudonym. The Court allowed her to file this action and proceed anonymously. (ECF No. 24.)

allegations of the complaint relating to liability are accepted as true. *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir. 1994). Summary judgment was granted in favor of Vigo County on Doe's claims against it and judgment was entered. The Seventh Circuit affirmed on appeal.

Back in the district court on January 8, 2019, the Court conducted a hearing on damages on Doe's claims against Gray. Doe appeared in person and by counsel. Gray failed to appear.

The Court takes judicial notice of the following documents: (a) Charging Information against David Gray in Cause Number 84D01-1411-F3-2869 brought in the Vigo County Superior Court 1 (ECF No. 57-10); (b) David Gray Plea Agreement in Cause Number 84D01-1411-F3-2869 in the Vigo County Superior Court 1 (ECF No. 57-11); and (c) all other documents in the Court's record. Doe testified, and adopted as her sworn testimony the following documents in the record: (a) the factual statements in her Amended Complaint (ECF No. 35); (b) Doe's testimony taken by deposition on January 13, 2017 (ECF No. 57-7); and (c) her May 11, 2017, affidavit (ECF No. 57-8). The Court finds Doe's testimony and that of her fiancé, Ryan Bayless, credible and persuasive.

After considering the evidence presented at the hearing and the record, the Court enters the following Findings of Fact and Conclusions of Law under Federal Rule of Civil Procedure 52(a)., which are taken in large part from Doe's Proposed Findings of Fact and Conclusions of Law. To the extent any of the findings of fact constitute conclusions of law, they are adopted as such and vice versa.

**Findings of Fact**

1. On November 3, 2014, Jane Doe volunteered to help clean a park in the City of Terre Haute, Indiana. She did this as part of court-ordered probation for a misdemeanor sentence she was serving. Her work was supervised by a parks department employee, Defendant David Gray.

2. Gray told Doe they would be cleaning a park restroom. When they arrived at the restroom, Doe saw that Gray had made up a makeshift bed from some blankets and a pallet. When they got inside the restroom, Gray locked the door.

3. Gray refused to allow Doe to leave the restroom. After the door was locked, he kissed her and tried to touch her breasts. She told him to stop and said she was not comfortable with it. He put his hand in her pants. Gray pushed Doe to her knees, took out his penis, and put it in her mouth. After forcing his penis into her mouth for more than a minute, Gray pushed Doe onto her back, pulled her pants down, and put his fingers inside her vagina. She told him that she had a sexually transmitted disease and that it would not be a good idea for him to have sex with her. After four or five minutes, Gray ejaculated onto the blanket. During the sexual assault, Gray could see Doe crying.

4. Doe left the park, drove herself to a hospital, and reported the sexual assault. Her report resulted in Gray's arrest and conviction for Confinement as a Level 5 felony under Indiana law and for Official Misconduct, a Level 6 felony under Indiana law. Upon his conviction, Gray was released from pretrial home

detention, and the balance of his sentence was suspended to probation. His probation was completed in October 2018.

5. Doe suffered extreme humiliation, fear, and emotional distress as a result of Gray's sexual assault. Her description of the pain she has endured because of Gray's horrific assault was credible, compelling, and persuasive. She testified that the assault lasted approximately five to ten minutes, but it "felt like hours." During the attack, Doe felt humiliated, disgusted, and helpless. She feared for her safety and that of her child who was nearby. She also testified about the mental anguish she suffered during the attack.

6. After the assault, Doe could not eat or sleep. She felt the need to shower several times every day. She began seeing a therapist days after the attack. She testified that she has been diagnosed with Post-Traumatic Stress Disorder. Doe attends counseling usually two times per month, sometimes once a week when things are bad.

7. Since Gray's attack, Doe has had difficulty being a normal, happy, and supportive mother to her two daughters, ages nine and thirteen, and her relationship with them has been adversely affected. She struggles with being present to them. She experiences guilt and negative feelings, which create a vicious cycle for her. In addition, since the assault, Doe has problems concentrating and focusing and she fears strangers.

8. Doe explained how Gray's sexual assault of her has negatively and directly affected her sexual relationship with her fiancé, Ryan Bayless. The effects

have continued at least through the date of the damages hearing—more than four years after the assault—and, based on the evidence presented at the hearing, are likely to continue far beyond that date.

9. Doe described her recovery from Gray's assault as a "frustratingly slow" process.

10. Doe further testified that she has a thyroid issue that is exacerbated by stress. Gray's assault of Doe and the resulting effects on her have caused her tremendous stress.

11. Doe testified about the criminal process involving Gray and its effect on her. She said that only the police officers and nurses believed her allegations against Gray. From her perspective, justice was not done.

12. Doe's fiancé, Ryan Bayless, described how his healthy, physical relationship with Doe changed overnight as a result of Gray's attack. At first, Doe was unable to be intimate with him. Then their relationship became one where physical touch between them brought traumatic memories back to Doe and made the relationship tense and stressful. According to Bayless, Doe's attempts to use tools suggested by her counselor have provided only limited success in making her comfortable in intimate situations.

13. Bayless testified that since the assault, Doe experiences great mood swings and she is always very nervous. She chews her fingernails down daily.

14. During the assault, Gray scratched Doe's face, bruised her lip, and cut and scraped her genitalia.

15. As a result of Gray's sexual assault, Doe lost 194 hours of wages. At first, Doe feared Gray knew where she worked and might attack her again, so she quit her job. After finding a new job, she lost time from work to attend counselling sessions. Doe lost wages in the total amount of $3,039.98 as a result of Gray's assault. (*See* Jan. 8, 2019 Damages Hrg., Ex. E.)

16. Doe has paid $5,966.28 for counselling that was necessitated by Gray's assault.

17. Doe has been prescribed medication to deal with the anxiety and depression that was caused by Gray's assault. To date, she has spent a total of $1,013.28 on such medication. (*See* Jan. 8, 2019 Damages Hrg., Ex. B.)

**Conclusions of Law**

1. The Court has subject matter jurisdiction over 42 U.S.C. § 1983 claims under 28 U.S.C. § 1331 and has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367.

2. The Clerk held Gray to be in default after he failed to file a responsive pleading. (ECF No. 13.)

3. Doe has sufficiently proved her claims for Sexual Battery, Battery, and Assault under Counts 1 through 4 of her Amended Complaint. The Court finds in her favor and against Gray on those counts.

4. Doe has sufficiently proved her claim for deprivation of her constitutional rights under Count 5 of her Amended Complaint. The Court finds in her favor and against Gray on that count.

5. Doe has sufficiently proved her claim for Confinement under Count 6 of her

Amended Complaint. The Court finds in her favor and against Gray on that count.

6. Doe has sufficiently proved her claim for Intentional Infliction of Emotional Distress under Count 9 of her Amended Complaint. The Court finds in her favor and against Gray on that count.

7. Because Gray's actions were intentional and not negligent, the Court does not enter judgment against Defendant Gray under Count 10 of the Amended Complaint.

8. Doe brought claims against another defendant under Counts 7, 8 and 11, which were resolved by summary judgment. (ECF Nos. 67–68.)

9. Doe's state law claims entitle her to an award of punitive damages and the Court finds that an award of punitive damages is warranted to punish Gray for his horrific sexual assault of Doe. An award of punitive damages will serve as an expression of society's displeasure with Gray's reprehensible conduct against Doe and his abuse of a position of authority over park volunteers. An award of punitive damages will further serve to deter others from engaging in similar conduct.

10. 42 U.S.C. § 1988 authorizes the Court to award attorney fees in favor of a Plaintiff who successfully prosecutes a claim under 42 U.S.C. § 1983. The Court finds that Doe has prevailed in her constitutional claim under Count 5 and is therefore entitled to an award of attorney fees under § 1988.

11. The affidavit of Doe's attorney, Scott Barnhart, establishes that he expended

146.4 hours on Doe's behalf. The Court finds that Barnhart is entitled to a reasonable hourly rate of $450 per hour.

12. The affidavit of Doe's attorney, Brooke Smith, establishes that she expended 87.1 hours on Doe's behalf. The Court finds that Smith is entitled to a reasonable hourly rate of $300 per hour.

13. Because a large portion of the work done by Barnhart and Smith was directed against another defendant in this case, the Court finds that only one-fifth of their time should be compensated by Gray. This represents a reasonable expenditure of hours on Doe's behalf by Barnhart and Smith.

14. The affidavit of Doe's attorney, Gregory Bowes, establishes that he expended ten hours on Doe's behalf for work directly related to claims against Gray. The Court finds that the hours expended are reasonable and Bowes is entitled to a reasonable hourly rate of $250 per hour.

## Order

For the reasons set forth in the foregoing findings of fact and conclusions of law, it is **ordered** that Plaintiff, Jane Doe, has sufficiently proved damages against Defendant, David Gray, in the following respects:

1. Defendant, David Gray, shall pay Plaintiff, Jane Doe, the sum of $750,000 as compensatory damages.

2. Defendant, David Gray, shall pay Plaintiff, Jane Doe, the sum of $750,000 as punitive damages.

3. Defendant, David Gray, shall pay the costs associated with this action.

4. Defendant shall pay Plaintiff's attorneys, Scott Barnhart and Brooke Smith, $18,402. This payment shall be paid to the law firm of Keffer Barnhart LLP.

5. Defendant shall pay Plaintiff's attorney, Gregory Bowes, $2,500. This payment shall be paid to the law firm of Greg Bowes Legal Services, P.C.

Plaintiff shall have **ten days** within which to file her bill of costs. Judgment shall issue forthwith.

**SO ORDERED.**

Date: 9/3/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by CM/ECF:

Gregory P. Bowes
GREG BOWES LEGAL SERVICES, P.C.
greg@gregbowes.pro

Distribution by U.S. Mail:

David Gray
13 Hudson Ave.
Terre Haute, IN 47803

9